**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| FERNANDO MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSGLOBAL HOLDING CO., and TRANSGLOBAL INSURANCE AGENCY, INC.,<br><br>Defendants. | Case No. 2:26-cv-01603<br><br>Judge Richard F. Boulware, II |
| EAPEN ZACHARIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSGLOBAL INSURANCE AGENCY, INC. and TRANSGLOBAL HOLDING COMPANY,<br><br>Defendants. | Case No. 2:26-cv-01655<br><br>Judge Richard F. Boulware, II |
| CRYSTAL KANG, on her own behalf and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSGLOBAL INSURANCE AGENCY, INC.,<br><br>Defendant. | Case No. 2:26-cv-01692-APG-DJA<br><br>Chief Judge Andrew P. Gordon |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED JOINT MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**

THIS MATTER, having come before the Court on Plaintiffs' Joint Motion Appoint Interim Co-Lead Class Counsel, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below.

1. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints William B. Federman of Federman & Sherwood, Bart Cohen of Bailey & Glasser, LLC, and David D. Bibiyan of Bibiyan Law Group, P.C., as Interim Co-Lead Class Counsel ("Interim Class Counsel").

2. Interim Class Counsel meet the requirements of Rule 23(g). Interim Class Counsel are designated to act on behalf of the putative class before determining whether to certify the action as a class action and shall serve as lead counsel with responsibility for managing the distribution of work amongst all plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. Interim Class Counsel shall have the sole authority to handle the responsibilities set forth below:

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel *via* the Court's electronic filing system);

k. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l. Make available to other Plaintiffs' counsel documents produced by the Defendant; and

m. Allocate attorneys' fees.

3. Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Class Counsel.

4. Interim Class Counsel shall have sole authority to communicate with Defendants' counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

5. Additionally, the Court also hereby sets the following briefing schedule for the Consolidated Action:

a. Plaintiffs shall file a Consolidated Class Action Complaint within **45 days** of the date of this Order;

b. Defendant shall file an Answer or Motion to Dismiss within **30 days** of the filing of Plaintiffs' Consolidated Class Action Complaint; and

c. If Defendant files a motion to dismiss, Plaintiffs shall have **30 days** to respond in opposition thereto, and Defendant shall have **15 days** to file a reply in support of its motion to dismiss.

6. This Order shall apply to the above-captioned matters, any subsequently consolidated action, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the facts and the data breach underlying this litigation.

**IT IS SO ORDERED**.

Dated: August 3, 2026.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE